1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNETH TATE, | ) | 1:11-cv-01643-SKO |
| | ) | |
| Plaintiff, | ) | **ORDER REGARDING PLAINTIFF'S** |
| | ) | **SOCIAL SECURITY COMPLAINT** |
| v. | ) | |
| | ) | (Doc. 13) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## BACKGROUND

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act. 42 U.S.C. §§ 401 *et seq*. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1]

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 8, 10.)

1                                  **FACTUAL BACKGROUND**[2]

2          Plaintiff was born in 1952 and has no past relevant work.  (Administrative Record ("AR")

3    18, 91, 202.)  Plaintiff filed an application for SSI on April 22, 2008, and contends that his ability

4    to work is precluded due to a "torn left knee," sleep apnea, high blood pressure, emotional instability,

5    and diabetes.  (AR 95, 212.)

6          On April 22, 2008, Plaintiff was interviewed by X. Moua for purposes of completing a

7    disability application.  (AR 91-93.)  A further disability report, Form SSA-3368, was completed.

8    (AR 94-100.)  Form SSA-3368 is type-written, and it contains no signature; in the portion of the

9    form where the name of the person completing the form is to be identified (AR 100), no name or

10   date is provided.  It is unclear whether Plaintiff completed Form SSA-3368 himself or whether it was

11   completed by the interviewer, X. Moua.  Form SSA-3368 indicates that Plaintiff completed the 12th

12   grade in 1971.  (AR 99.)

13         On August 22, 2008, Plaintiff was referred by the agency to Aimee V. Riffel, Ph.D., for the

14   completion of a psychological evaluation.  (AR 141-45.)  In conducting the evaluation, Dr. Riffel

15   provided the sources of the information used as part of the evaluation:  "[d]atabase for this report

16   comes from review of available medical records provided by DDS.  Other information was obtained

17   with clinical interview, psychological testing, and mental status exam."  (AR 141.)  Dr. Riffel

18   indicates that Plaintiff's SSA-3368 Form was reviewed as part of the medical records provided by

19   DDS.  (AR 141.)  In setting out Plaintiff's educational history, Dr. Riffel indicated that Plaintiff

20   completed high school, graduating from Cam Academy in Chicago, Illinois, in 1971.  (AR 143.)

21         The Commissioner denied Plaintiff's application initially and again on reconsideration.

22   (AR 37-40, 43-47.)  Consequently, on June 10, 2009, Plaintiff requested a hearing before an

23   Administrative Law Judge ("ALJ").  (AR 48.)  A hearing was held on April 13, 2010, before ALJ

24   Michael J. Haubner. (AR 194-224.)  At the hearing, Plaintiff testified that the highest grade he

25   completed in school was the 10th grade.  (AR 202.)  The ALJ asked whether Plaintiff had a GED

26   or other high school equivalency; Plaintiff responded that he did not.  (AR 202.)  Near the end of the

27

28
_____

[2] Plaintiff is only challenging the Commissioner's finding that he completed a high school education; thus, the
only evidence summarized herein is that which is relevant to Plaintiff's appeal.

hearing, the ALJ asked Plaintiff whether he completed a GED while he was in prison; Plaintiff answered that he had not.  (AR 222.)

On May 19, 2010, the ALJ issued a decision that found Plaintiff not disabled from April 22, 2008, through the date of the ALJ's decision. (AR 12-19.) Specifically, the ALJ found that Plaintiff (1) has not engaged in substantial gainful activity since April 22, 2008; (2) has the following severe impairment: history of lateral and medial meniscus tear of the left knee with some degenerative changes; (3) does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the residual functional capacity ("RFC")[3] to lift and carry 50 pounds occasionally and 25 pounds frequently; to stand and/or walk six hours and sit six hours in an eight-hour workday; and to frequently climb ladders, ropes, and scaffolds, kneel, and crawl; (5) has no past relevant work; (6) was born on January 30, 1952, and was 56 years old, which is defined as an individual of advanced age; (7) has at least a high school education and is able to communicate in English; (8) has no transferability of job skills because he has no past relevant work; and (9) retains the ability to perform jobs that exist in significant numbers in the national economy.  (AR 12-19.)

On June 3, 2010, Plaintiff sought review of this decision before the Appeals Council. (AR 7-8.)  The Appeals Council denied review on May 19, 2011. (AR 9-11.)  Therefore, the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. § 416.1481.

Plaintiff filed a complaint before this Court on September 28, 2011. (Doc. 1.)  Plaintiff does not challenge the ALJ's RFC assessment.  Rather, Plaintiff's sole argument on appeal is that he did not graduate from high school and thus, given his age and his RFC as assessed by the ALJ, he is disabled under the Medical-Vocational Guidelines ("Grids").  Grid Rule 203.14 provides that, for a person of advanced age, who (1) is unskilled or has no previous work experience, (2) is limited to medium work, and (3) has a high school education ore more, such a person is not disabled.  Plaintiff

---

[3] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. Social Security Ruling 96-8p.  The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id.*  "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, *inter alia*, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

argues that, because he did not graduate from high school, Grid Rule 203.10 applies instead, and he must be determined to be disabled.

## SCOPE OF REVIEW

The ALJ's decision denying benefits "will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998). In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). Instead, the Court must determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

"Substantial evidence is more than a mere scintilla but less than a preponderance." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation and internal quotation marks omitted).

## APPLICABLE LAW

An individual is considered disabled for purposes of disability benefits if he or she is unable to engage in any substantial, gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted, or can be expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also Barnhart v. Thomas*, 540 U.S. 20, 23 (2003). The impairment or impairments must result from anatomical, physiological, or psychological abnormalities that are demonstrable by medically accepted clinical and laboratory diagnostic techniques and must be of such severity that the claimant is not only unable to do his previous work, but cannot, considering

his age, education, and work experience, engage in any other kind of substantial, gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)-(3), 1382c(a)(3)(B), (D).

The regulations provide that the ALJ must undertake a specific five-step sequential analysis in the process of evaluating a disability. In the First Step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If not, in the Second Step, the ALJ must determine whether the claimant has a severe impairment or a combination of impairments significantly limiting her from performing basic work activities. *Id.* §§ 404.1520(c), 416.920(c). If so, in the Third Step, the ALJ must determine whether the claimant has a severe impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. 404, Subpart P, App. 1. *Id.* §§ 404.1520(d), 416.920(d). If not, in the Fourth Step, the ALJ must determine whether the claimant has sufficient RFC despite the impairment or various limitations to perform her past work. *Id.* §§ 404.1520(f), 416.920(f). If not, in the Fifth Step, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* §§ 404.1520(g), 416.920(g). If a claimant is found to be disabled or not disabled at any step in the sequence, there is no need to consider subsequent steps. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. §§ 404.1520, 416.920.

## DISCUSSION

Plaintiff argues that the ALJ improperly evaluated his testimony regarding whether he completed high school. (Doc. 13, 5-6). Plaintiff submits a copy of his high school transcript from John Marshall High School, evidence submitted in the first instance to the district court, and contends that this evidence is new and material such that it necessitates a remand for consideration by the ALJ. The Commissioner asserts that the evidence is not material, and Plaintiff has not made any good-cause showing why this evidence could not have been produced during the prior agency proceedings. (Doc. 15, 7-9.)

### A.   Evidence Submitted in the First Instance to the District Court

A party seeking remand for consideration of additional evidence pursuant to 42 U.S.C. § 405(g) must demonstrate that (1) the evidence is material, and (2) there was good cause for the

failure to present the evidence during the prior proceedings.   42 U.S.C. § 405(g); *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001); *Mayes v. Massanari*, 262 F.3d 963, 970 (9th Cir. 2001).   The "new and material evidence" standard set forth in Section 405(g) "applies only to new evidence that is not part of the administrative record and is presented in the first instance to the district court."   *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1164 (9th Cir. 2012). Evidence is material if it "bear[s] directly and substantially on the matter in dispute," and if there is a "reasonabl[e] possibility that the new evidence would have changed the outcome . . . of the determination."   *Booz v. Sec'y of Health & Human Servs.*, 734 F.3d 1378, 1380 (9th Cir. 1984) (internal quotation marks and citations omitted.

The evidence presented in this case is a high school transcript from John Marshall High School in Chicago, Illinois.  (Doc. 13-1, p. 1.)  This transcript was not presented to the ALJ or to the Appeals Council; thus, it is new evidence presented to the district court in the first instance and the standards of Section 405(g) apply.  *See Brewes*, 682 F.3d at 1164.  Plaintiff argues that the evidence is material because it raises a possibility that the outcome of the decision will change if the evidence is considered.  Plaintiff asserts that because the transcript reflects he did not complete high school, the ALJ should have applied Grid Rule 203.10 and Plaintiff should have been found to be disabled. (Doc. 13, 7:1-4.)

While Plaintiff asserts his John Marshall High School transcript reflects that he did not complete high school, and is therefore material to his disability determination, the materiality of the transcript is vitiated by the lack of several important details.  First, Plaintiff told Dr. Riffel that he graduated from Cam Academy in Chicago, Illinois, in 1971.  (AR 143.)  While Plaintiff argues that Dr. Riffel's source of information for the evaluation was Form SSA-3368 where it was recorded that Plaintiff completed the 12th grade in 1971, no reference to Cam Academy in Chicago, Illinois, was recorded on Form SSA-3368.  (AR 99.)  Rather, the source of information would have been Plaintiff himself; it appears that Plaintiff told Dr. Riffel that he graduated from Cam Academy in Chicago, Illinois, in 1971.  (AR 143.)  As such, a transcript from John Marshall High School that reflects Plaintiff left that high school in 1970 has little bearing on whether Plaintiff subsequently completed his education at Cam Academy in 1971.

Second, the Court notes that Plaintiff's declaration provides very little information about how the transcript was obtained.  For example, it is stamped "Official Record" and is dated April 20, 2012.  (Doc. 13-1, p. 1.)  Below that, it is stamped "Chicago Public Schools, Department of Compliance, Former Student Records." (Doc. 13-1, p. 1.)  Even assuming that the Department of Compliance mailed Plaintiff every student record he had from Chicago Public Schools, this still does not necessarily bear on whether Plaintiff graduated from Cam Academy.  Specifically, there is no information whether Cam Academy was or is a public institution such that the Chicago Public Schools, Department of Compliance, would maintain those records.  Further, although Plaintiff submits a declaration, he does not state the scope of the records he requested, nor does he state that he included all the records he received from the Chicago Public Schools, Department of Compliance. (*See* Doc. 14-1, p. 1.)

Based on the information provided, the transcript is only material to whether Plaintiff attended or graduated from John Marshall High School, not whether he ever attended or graduated from another high school.  For these reasons, the Court is not convinced that the transcript bears directly and substantially on the matter in dispute such that it can be considered material.

Moreover, even assuming that the transcript is material, Plaintiff has not presented any good cause why the evidence was not offered during the course of the proceedings before the agency. Plaintiff's statements that he graduated from high school were contained in the record at the time of the hearing; in fact, Plaintiff's counsel at the hearing stipulated that the documentary evidence was complete and that he had no objection to its admissibility.  (AR 196.)  Plaintiff's counsel did not elicit any testimony from Plaintiff during the hearing about his education or why his hearing statements appeared inconsistent with those offered to Dr. Riffel or recorded on Form SSA-3368. Further, Plaintiff failed to offer this evidence to the Appeals Council in seeking review of the ALJ's decision.  Finally, Plaintiff does not argue that he was unable to obtain this evidence at the time of the administrative proceedings.  *See Clem v. Sullivan*, 894 F.2d 328, 332-33 (9th Cir. 1990).

In sum, the evidence submitted by Plaintiff meets neither the materiality nor the good cause requirements to necessitate a remand for consideration by the ALJ.

**B.      Assessment of Evidence Regarding Plaintiff's Educational Background Necessitates Remand**

Plaintiff's arguments center on his theory that his statements about his high school education were incorrectly recorded on Form SSA-3368 and that Dr. Riffel included those incorrect statements in her evaluation of Plaintiff which, in turn, perpetuated the misunderstanding that Plaintiff graduated from high school.   In this way, Plaintiff essentially argues he never actually made any inconsistent statements about his high school education.   However, as discussed above, this argument lacks merit because Dr. Riffel's evaluation included information regarding Plaintiff's high school education that was not contained in Form SSA-3368; the only other source for such information identified by Dr. Riffel was Plaintiff himself.   As such, the evidence supports the ALJ's finding that Plaintiff made inconsistent statements about his high school education.   Given the ALJ's acknowledgment that Plaintiff's statements in this regard were inconsistent, the question arises as to which evidence regarding the extent of Plaintiff's high school education should be credited and why.

It is the province of the ALJ to resolve conflicts in the evidence.  *See Andrews*, 53 F.3d 1035, 1041 (9th Cir. 1995) (the ALJ is responsible for resolving conflicts in the evidence).   In doing so, it is axiomatic that an ALJ is required to build "an accurate and logical bridge from the evidence to his conclusion so that, as a reviewing court, we may assess the validity of the agency's ultimate findings and afford a claimant meaningful judicial review."  *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002).

As discussed above, there were three pieces of conflicting evidence before the ALJ regarding the extent of Plaintiff's educational background – which the ALJ acknowledged.   First, in Plaintiff's application for social security benefits, it was noted that Plaintiff completed the 12th grade and graduated in 1971.  (AR 99.)   Second, Dr. Riffel noted that Plaintiff completed high school, graduating from Cam Academy in Chicago, Illinois, in 1971.   Third, at Plaintiff's hearing before the ALJ, he testified that the highest grade he completed was the 10th grade and that he had not completed a GED or any high school equivalency certificate.  (AR 202.)

1   It is not lost on the Court that the root of the conflicting evidence appears to be Plaintiff's

2   vacillating and inconsistent statements about whether he completed high school.   Nevertheless, as

3   the evidence about Plaintiff's educational background is conflicting, the ALJ was required to

4   determine which evidence was to be credited *and* the basis for that determination.   It is clear that the

5   ALJ credited the information on Form SSA-3368 and the information contained in Dr. Riffel's

6   psychological evaluation that was provided by Plaintiff, and disregarded Plaintiff's statements at the

7   hearing.   There are no reasons provided by the ALJ, however, as to why the conflict in the evidence

8   was resolved in this manner.

9   Specifically, in concluding that Plaintiff had at least a high school education, the ALJ cited

10   Form SSA-3368 and Dr. Riffel's evaluation report indicating that Plaintiff graduated from Cam

11   Academy High School in 1971.  (AR 18.)  Although the ALJ discussed that Plaintiff's statement

12   about his education was inconsistent at the hearing (AR 16 ("The claimant also testified that the

13   highest grade that he completed was the 10th grade, but in the Disability Report form and during the

14   consultative examination he reported that he graduated from high school")), the ALJ stated no

15   reasons why Plaintiff's statement at the hearing regarding his education was discredited while his

16   inconsistent statement to Dr. Riffel was credited as true.

17   The Commissioner asserts that the ALJ evaluated Plaintiff's hearing testimony and found it

18   not credible for numerous reasons; thus, the ALJ properly credited the statement Plaintiff made to

19   Dr. Riffel about completing a high school education over his statements at the hearing.  (Doc. 15,

20   6:12-7:16.) The parties do not dispute the ALJ's finding that Plaintiff was not generally credible with

21   respect to his testimony about the extent of his pain and limitations.   However, that finding does not

22   obviate the need for the ALJ to explain how he selectively credited one of Plaintiff's inconsistent

23   statements about his education to Dr. Riffel.  Further, the Court cannot find that the ALJ discredited

24   Plaintiff's hearing testimony wholesale because the ALJ credited Plaintiff's hearing testimony about

25   the extent of his daily activities.  (AR 16-17.)

26   The ALJ was required to provide reasons why he credited Plaintiff's statement to Dr. Riffel

27   that he graduated from high school, but discredited Plaintiff statement at the hearing that he had not

28   completed high school, particularly because the issue is dispositive as to whether Plaintiff should

1   be deemed disabled under the Grids.  *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984

2   (per curiam) (ALJ must explain why significant probative evidence has been rejected). It is not

3   enough for the ALJ to recognize that Plaintiff's statements are inconsistent because this provides no

4   logical basis for selecting one statement over another – it is merely an acknowledgment that there

5   is a conflict in the evidence that the ALJ is tasked with resolving on a reasoned basis.  The Court is

6   not empowered to provide its own reasons, post hoc, to justify the ALJ's ultimate conclusion. *Bray*

7   *v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (court "must review the ALJ's

8   decision based on the reasoning and factual findings offered by the ALJ not *post hoc* rationalizations

9   that attempt to intuit what the adjudicator may have been thinking" (citing *SEC v. Chenery Corp.*,

10  332 U.S. 194, 196 (1947))).

11          Instead, credibility issues such as these are the exclusive province of the ALJ.  *Andrews v.*

12  *Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court's role is not to second-guess the ALJ

13  to the degree that the ALJ's conclusion is supported by legally sufficient reasons, without some

14  explanation or stated rationale that supports greater weight being assigned to Plaintiff's statements

15  to Dr. Riffel over the weight ascribed to Plaintiff's hearing statements regarding the extent of his

16  education, there is no interpretation of the evidence conducive to judicial review.  To be clear, the

17  Court does not quibble with the ALJ's conclusion that Plaintiff completed a high school education;

18  rather, the Court has before it no statement how the ALJ weighed and credited the conflicting

19  evidence in this regard.

20          This case must be remanded so that the ALJ can provide a reasoned basis why Plaintiff's

21  statements to Dr. Riffel were credited but Plaintiff's hearing statements regarding the extent of his

22  education were not.  Plaintiff may supplement the record with additional evidence, but under these

23  circumstances, the ALJ has no duty to develop more evidence or conduct a search for records.  Given

24  that Plaintiff testified that he did *not* graduate from high school, it is questionable whether there

25  would be records showing an absence of a high school education.  *Cf.  Bowen v. Yuckert*,

26  482 U.S. 137, 146 n.5 ("It is not unreasonable to require the claimant, who is in a better position to

27  provide information about his own medical condition, to do so.").

28

1   **C.      Remand is Required**

2        "The court shall have power to enter, upon the pleadings and transcript of the record, a

3   judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security,

4   with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).  In Social Security cases,

5   the decision to remand to the Commissioner for further proceedings or simply to award benefits is

6   within the discretion of the court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  "If

7   additional proceedings can remedy defects in the original administrative proceedings, a social

8   security case should be remanded.  Where, however, a rehearing would simply delay receipt of

9   benefits, reversal [and an award of benefits] is appropriate."  *Id.* (alteration in original) (internal

10  quotation marks omitted); *see also Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399

11  (9th Cir. 1988) ("Generally, we direct the award of benefits in cases where no useful purpose would

12  be served by further administrative proceedings, or where the record has been thoroughly

13  developed." (citation omitted)).

14        The Court has determined that the ALJ was required to provide reasons for crediting

15  Plaintiff's statements to Dr. Riffel regarding his education, but discrediting his contrary statements

16  at the hearing.  On remand, the ALJ shall make a specific finding as to whether Plaintiff graduated

17  from high school that sufficiently explains how the evidence supporting the ultimate finding was

18  weighed and credited.  The ALJ may consider any additional evidence Plaintiff offers to support the

19  extent of his educational background.

20                                            **CONCLUSION**

21        Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial

22  evidence and is, therefore, REVERSED and the case REMANDED to the ALJ for further

23  proceedings consistent with this order.  The Clerk of this Court is DIRECTED to enter judgment in

24  favor of Plaintiff Kenneth Tate and against Defendant Michael J. Astrue, Commissioner of Social

25  Security.

26

27  IT IS SO ORDERED.

28  **Dated:    January 17, 2013**                    **/s/ Sheila K. Oberto**
                                                UNITED STATES MAGISTRATE JUDGE