# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH TATE, | Case No. 1:11-cv-01643-SKO |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES** |
| v. | |
| | (Doc. 20) |
| CAROLYN COLVIN, Acting Commissioner of Social Security, | |
| Defendants. | |

## I. INTRODUCTION

On September 28, 2011, Plaintiff Kenneth Tate ("Plaintiff") filed a complaint seeking judicial review of an Administrative Law Judge's ("ALJ") decision denying Plaintiff's application for Social Security benefits. (Doc. 1.) On January 18, 2013, the Court issued an order reversing the ALJ's decision and the case was remanded to the agency. (Doc. 17.) Plaintiff subsequently filed a petition for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 20.) Defendant filed a brief in opposition, and Plaintiff filed a reply brief. (Docs. 21, 22.)

Currently pending before the Court is Plaintiff's petition for an award of EAJA fees and a request for the costs of service under 28 U.S.C. § 1920. For the reasons set forth below, the Court finds that Defendant's litigation position and the ALJ's underlying actions were not substantially

justified, and Plaintiff's petition for an award of EAJA fees is GRANTED.

## II.   BACKGROUND[1]

The ALJ determined that Plaintiff graduated from high school, which was essential to the ALJ's determination that Plaintiff was not disabled pursuant to the Medical-Vocational Guidelines (the "Grids"). (AR 17.) However, the ALJ's finding that Plaintiff graduated from high school was based on testimonial evidence from Plaintiff that was in conflict with other testimony provided by Plaintiff. The ALJ failed to discuss what evidence supported his finding and failed to explain how Plaintiff's conflicting statements regarding his education were evaluated and weighed. (Doc. 17, 9:26-10:27.) The Court determined that the ALJ erred by failing to explain why conflicting and probative and significant testimonial evidence from Plaintiff was disregarded without comment, and the case was remanded for further consideration.

Plaintiff subsequently filed a petition seeking attorneys' fees and expenses under the EAJA and an award of costs pursuant to 28 U.S.C. § 1920, which the Commissioner opposes, asserting that the ALJ's decision and the government's subsequent litigation position were substantially justified, precluding an award of fees pursuant to the EAJA. The Commissioner also contends that, even if the actions of the ALJ and the government's subsequent litigation position were not substantially justified, Plaintiff's request for fees is unreasonable and should be reduced. Plaintiff filed a reply brief contending that the government was not substantially justified and the fees requested are reasonable.

## III.   DISCUSSION

Any application for an award of EAJA fees and other expenses must be made within thirty days of final judgment in the action and must include "an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The party submitting the application is also required to allege that the position of the United States was not substantially justified. *Id.* Further, the party applying for an award of EAJA fees must have an individual net worth not greater than $2,000,000 at the time the civil action was filed. *Id.* § 2412(d)(2)(B).

---

[1] The facts of the case were set forth in the Court's underlying decision and will not be restated here. (Doc. 17.)

**A.     The Government was Not Substantially Justified**

The parties' dispute with respect to Plaintiff's entitlement to an award of EAJA fees is limited to whether the government's actions were substantially justified. Plaintiff asserts the governmental actions were not substantially justified, but the Commissioner maintains that both the ALJ's action and the government's subsequent litigation position were substantially justified.

To be "substantially justified," the position taken must have a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 556-66 (1988); *United States v. Marolf*, 277 F.3d 1156, 1160 (9th Cir. 2002). Substantial justification is interpreted as being "justified to a degree that could satisfy a reasonable person" and "more than merely undeserving of sanctions for frivolousness." *Underwood*, 487 U.S. at 565; *see also Marolf*, 277 F.3d at 1161. The fact that a court reverses and remands a case for further proceedings "does not raise a presumption that [the government's] position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 335 (9th Cir. 1988).

In considering whether the government's position is "substantially justified," courts consider not only the position of the United States taken in a civil action, but also the action or failure to act by the agency upon which the civil action is based. *Meier v. Colvin*, __ F.3d __, 2013 WL 3802382 (9th Cir. July 23, 2013); 28 U.S.C § 2412(d)(2)(D). Thus, courts "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali*, 854 F.2d at 33. "[I]t will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (internal citations omitted). In the social security context, it is the ALJ's decision as that represents the "action or failure to act by the agency upon which the civil action is based." *Meier*, 2013 WL 3802382, at *2 (omitting citations).

Where the Commissioner defends "basic and fundamental errors," her defense often lacks substantial justification. *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998). Defense of an ALJ's failure to comply with laws or regulations also lacks substantial justification. *See Gutierrez*

3

*v. Barnhart*, 274 F.3d 1255, 1259-60 (9th Cir. 2001).  However, where resolution of the case turns on the weight and evaluation of the evidence, the Commissioner's defense of the ALJ's findings ordinarily is substantially justified.  *See Lewis v. Barnhart*, 281 F.3d 1081, 1084, 1086 (9th Cir. 2002).  In *Lewis*, the ALJ considered the claimant's (Lewis) testimony about her past work at a gas station as she had actually performed it, and resolved ambiguities in the testimony against Lewis; but, in doing so, the district court found that the ALJ erroneously characterized Lewis' testimony, and reversed the ALJ's decision.  In denying Lewis' subsequent EAJA application, the district court found that the Commissioner's decision to defend the ALJ's credibility analysis had a reasonable basis in law because the ALJ was required to assess Plaintiff's testimony and could use that testimony to define past relevant work as actually performed.  And, the Commissioner's position had a reasonable basis in fact because there was testimony that could reasonably have been viewed as casting doubt on Lewis' statements.  The district court concluded that the Commissioner was substantially justified, and the Ninth Circuit affirmed.

Turning to the facts of this case, under the law of this Circuit, the ALJ is required to explain why probative and significant evidence is rejected.  *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir.1984) (per curiam).  The ALJ also has a duty to resolve conflicts in the evidence and to make findings pertaining to credibility.  *See Morgan v. Comm'r*, 169 F.3d 595, 599-600 (9th Cir. 1999).  Unlike *Lewis*, this is not a case where the ALJ complied with the duties to weigh the evidence and resolve conflicts, but the Court nonetheless disapproved of *how* the evidence was weighed.  Instead, here, the ALJ failed to weigh the evidence or provide any reasons why certain testimonial evidence from Plaintiff was rejected while other statements were credited with regard to whether Plaintiff had completed high school, which was essential to a determination whether Plaintiff was disabled under the Grids.  This failure contravenes the law of this circuit as the ALJ is charged with resolving conflicts in the evidence and discussing why probative and significant evidence is disregarded.  Because the ALJ's decision did not meet these obligations, neither the ALJ's action in this regard nor the Commissioner's subsequent litigation position can be found substantially justified in fact or in law.  *See Flores v. Shalala*, 49 F.3d 562, 556 (9th Cir. 1995) (the denial of EAJA fees when an ALJ rejects significant and probative

evidence without explanation is an abuse of discretion).[2]

As the government's actions were not substantially justified, the Court concludes that Plaintiff is entitled to an award of attorney's fees pursuant to the EAJA. The Court next turns to whether the fees requested by Plaintiff are reasonable.

**B.    The Reasonableness of the Requested Fees**

In his petition, Plaintiff seeks an award of $5,042.20 in fees pursuant to the EAJA and $60 in costs pursuant to 28 U.S.C. § 1920. (Doc. 20.) The Commissioner asserts that the requested fees are unreasonable. (Doc. 21, 6-10.) Plaintiff filed a reply brief in response to the Commissioner's opposition and asserted that the fees requested were reasonable, and set forth a supplemental EAJA request for 4.5 hours of time spent preparing the reply brief at $183.73 per hour, resulting in an additional $826.78 in fees for a total EAJA request of $5,868.98.[3] (Doc. 22, 14:1-7.)

The Court must determine what amount constitutes a reasonable award of attorney's fees. *See* 28 U.S.C. § 2412(d)(2)(A); *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (district court has an independent duty to review plaintiff's fee request to determine its reasonableness). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Blum v. Stenson*, 465 U.S. 886, 897 (1984). "The [Court] must determine not just the actual hours expended by counsel, but which of those hours were reasonably expended in the litigation." *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983). "'Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority.'" *Hensley*, 461 U.S. at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)). The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum*, 465 U.S. at 897.

---

[2] *See also Sianian v. Apfel*, 202 F.3d 279, 1999 WL 1049343 (9th Cir. 1999) (unpublished memorandum decision).

[3] Plaintiff's petition seeks a total of $5,042.20 and the reply brief seeks an additional $826.78 for work performed on the reply brief. However, Plaintiff's reply brief indicates that the total EAJA request is $5,745.25. (Doc. 22, 14:7.) This appears to be mathematical error, based on the records submitted.

5

1. **Time Expended by Plaintiff's Counsel and a Law Clerk[4]**

    a. **Work Performed Prior to the Filing of the Complaint**

The Commissioner asserts that work Plaintiff's counsel performed prior to the commencement of the civil action is not compensable under the EAJA. (Doc. 21, 7:24-8:5.) Specifically, the Commissioner contends that the time Plaintiff's counsel spent reviewing the Appeals Council's denial letter, as well as the time spent preparing and reviewing the complaint for filing are not compensable because the work was performed before the complaint was actually filed. (Doc. 21, 8:1-5 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 97 (1991) and *Mendenhall v. NTSB*, 213 F.3d 464, 469 (9th Cir. 2000)).)

This argument is not persuasive for two reasons. First, neither the statute nor the cases cited by the Commissioner stand for the proposition that the EAJA disallows compensation for work performed in preparation of a civil action. In *Mendenhall*, the Ninth Circuit held that work performed in administrative proceedings prior to filing a civil action could not be compensated pursuant to EAJA, but did not hold that work performed in preparation for filing a civil action was non-compensable under EAJA. *Id.* at 468 ("In addition to the plain text of the EAJA provisions and the explicit holdings of the Supreme Court, EAJA's substance itself counsels against relying on § 2412 as implicit authorization for this court to award attorneys' fees incurred in administrative proceedings prior to the filing of a civil suit.") The same is true of the Supreme Court's decision in *Melkonyan*. In *Melkonyan*, the Court noted that work performed in administrative proceedings is generally not compensable under EAJA, with a limited exception for those administrative proceedings conducted while a civil complaint remains pending "and depends for its resolution upon the outcome of the administrative proceedings." 501 U.S. at 97 (internal quotation marks and citation omitted). Neither of these cases holds that work performed in preparation for a civil action after the administrative proceedings have concluded is non-compensable under EAJA.

---

[4] Mr. Patel spent time on the case in two different capacities. In 2012, Mr. Patel performed work on the case as a law clerk. In 2013, after passing the Bar, Mr. Patel spent time on the litigation as a licensed attorney.

6

Second, beyond that the holdings of these cases are distinguishable, application of the Commissioner's argument would exclude from EAJA compensation time spent drafting the complaint because this work would necessarily be performed before the suit was initiated. As a practical matter, some work must be performed to initiate the civil suit -- a part of which includes reviewing the facts and the law to ensure the lawsuit is not frivolous as well as drafting and filing the necessary documents to commence the action. Such work is wholly separate from the underlying administrative proceedings and is clearly related to the civil action; the Commissioner cites no case authority to support a determination that such work is not compensable.

In sum, the time expended by Plaintiff's counsel in preparation of filing the federal suit is compensable. *See McClintock v. Astrue*, No. 09–cv–1647–IEG–JMA, 2011 WL 1043718, at *1–*2 (S.D. Cal. Mar. 22, 2011) ("work performed in preparation for the filing of a civil action[ ] is proper and reasonable").

### b. **Time Expended on Briefing**

#### (i) **Duplicative Work**

The Commissioner argues that Plaintiff's counsel duplicated efforts by assigning some of the research and brief drafting to a law clerk, and then the supervising attorney billed for time to review the law clerk's work. Specifically, 17.0 hours was expended by a law clerk reviewing the transcript, researching issues, and drafting a brief. Yet, Plaintiff's counsel also billed 3.5 hours of attorney time to discuss the case with the law clerk and review the law clerk's work. The Commissioner maintains that this type of mentoring or teaching review would not be billed to a client, and thus should not be billed to the government. (Doc. 21, 7:8-17.) Additionally, the Commissioner asserts that only half of the law clerk's time is reasonable to research the issues, become familiar with a new area of law, and learn the firm's standard practices. (Doc. 21, 7:19-23.)

As it pertains to counsel's time spent reviewing the work of a law clerk, "[i]t is commonplace for attorneys to use law clerks to assist with preparing Social Security briefs, and because of their limited experience, it is also expected that senior attorneys will spend time reviewing the work completed by law clerks . . . . Such time is not duplicative." *Dross-Swart v.*

1  *Colvin*, No. 2:11-cv-175, 2013 WL 2250280, at * 2 (N.D. Ind., May 21, 2013) (citing *Beardsley v.*
2  *Astrue*, No. 07-C-0776, 2011 WL 3566930, at *2 (E.D. Wis. Aug. 15, 2011)).  Moreover,
3  conferences that counsel had with the law clerk were not double-billed.  For example, Mr. Patel's
4  time spent conferencing with Mr. Rohlfing on May 2, 2012, and on May 6, 2012, was not charged.

5        Additionally, the fact that it may take a law clerk more time than an experienced attorney
6  to research issues and draft briefs is not itself a basis to reduce the time expended by the law clerk.
7  Had Mr. Rohlfing, the supervising attorney, himself performed the work, it may have taken less
8  time, but his work would have been compensated at a higher hourly rate.  Reducing a law clerk's
9  time because of inexperience dis-incentivizes attorneys from delegating work on initial research
10  and drafting to law clerks at a lower hourly rate, which will generally be more efficient and cost
11  effective.  *See Nickola v. Barnhart*, No. 03-C-622-C, 2004 WL 2713975, at * 1 (W.D. Wis. Nov.
12  24, 2004) ("Although it might have taken more time for a law clerk to draft a brief than had an
13  attorney drafted it, overall the use of law clerks in this case appears to have been a money-saving
14  measure because it reduced the amount of time the attorneys spent on the case.").

15        **(ii)   Simplicity of the Issue Briefed**

16        The Commissioner also seeks a "significant reduction" of the hours of work performed by
17  counsel because the issue raised was neither novel nor complex and involved only a few pages of
18  the administrative record.  Plaintiff asserts that, regardless of the complexity of the case, Mr.
19  Rohlfing and Mr. Patel's time was expended in a reasonable manner that included reviewing the
20  record, researching relevant case law, and briefing the merits.  (Doc. 22, 10:9-12.)

21        To account for the fact that the single issue presented in the briefs was narrow and
22  straightforward, a 10 percent "haircut" of Mr. Patel's time spent reviewing the record, researching
23  the issue, and drafting the briefs is warranted.  The Court will reduce 1.7 hours of Mr. Patel's time,
24  as he performed the bulk of the review of the administrative record, research, and initial drafting
25  of the briefs.  *Moreno v. City of Sacramento*, 1106, 1112-13 (9th Cir. 2008).

26        **(iii)   Degree of Plaintiff's Success**

27        The Commissioner asserts that, pursuant to *Hardisty v. Astrue*, 592 F.3d 1072 (9th Cir.
28  2010), a court should not consider issues that it did not decide in determining a fee award.  (Doc.

21, 8:6-7.) During the course of the underlying litigation, Plaintiff asserted that the Court should remand the case to the ALJ for consideration of new and material evidence submitted for the first time to the district court. This argument was rejected. The Commissioner asserts that because Plaintiff did not prevail on that particular issue, the Court should reduce the EAJA fee award proportionally.

In *Hardisty*, the plaintiff made several challenges to an ALJ decision, including one that the ALJ improperly rejected the plaintiff's testimony. *Id.* at 1075-74. The district court ruled that the Commissioner had not provided clear and convincing reasons for discrediting Hardisty's testimony. The court did not reach the remainder of the arguments presented by Hardisty, but remanded for the calculation and award of benefits. *Id.* at 1075. Subsequently, Hardisty filed a motion for EAJA fees, but the district court concluded that the Commissioner was substantially justified as it pertained to the ALJ's failure to provide clear and convincing reasons for rejecting the plaintiff's testimony. The district court also addressed Haridsty's argument that fees should be awarded for the government positions that Hardisty challenged, but that the court did not address when it originally reviewed the case. Hardisty argued that the Commissioner was not substantially justified on those issues, either. The court, however, declined to award fees on those issues in the absence of any authority requiring it to do so.

On appeal, the Ninth Circuit concluded that nothing in the EAJA statutory provisions extended fee-shifting to issues not adjudicated, nor were there persuasive policy reasons to extend EAJA fees to issues not adjudicated. Hardisty is distinguishable from this case, and does not provide an apt analogy for the Commissioner's argument. Here, unlike in Hardisty, all issues raised by Plaintiff were considered by the Court. The Commissioner's argument is more easily understood as one urging the Court to discount Plaintiff's EAJA fees to account for a limited degree of success. In *Hensley*, the Supreme Court acknowledged that fees should be reduced where a plaintiff has pursued unsuccessful claims unrelated to the successful claim upon which the award of fees is premised. 461 U.S. at 434-35. However, where the successful and unsuccessful claims are related, the court should focus on the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435. The Court

described circumstances that would justify awarding fees in full, despite only partial success:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed some cases of exceptional success an enhanced award may be justified. In these circumstances the fee should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reduced a fee. The result is what matters.

*Id.*

In this case, both the argument relating to new and material evidence and the argument pertaining to the ALJ's assessment of Plaintiff's lay statements were raised in relation to whether the ALJ properly found that Plaintiff graduated from high school. The unsuccessful argument did not pertain to an unrelated claim. Thus, the fact that Plaintiff was only successful on one argument, rather than on both, does not change the overall degree of success because the entire matter was remanded for renewed consideration of the ALJ's finding that Plaintiff graduated from high school. The fact that Plaintiff did not prevail on his theory that new and material evidence required a remand is not a sufficient justification to reduce the fee award. *Id.*

### c. Post-Judgment Work

The Commissioner asserts that the 5.0 hours Mr. Patel spent drafting a letter to the Commissioner's counsel regarding attorney's fees, "prepar[ing] EAJA hours," engaging in settlement discussions regarding the EAJA fees, and drafting the EAJA petition were unreasonable. The EAJA petition was "boilerplate with only a few modifications," and the time spent preparing a billing sheet was clerical and therefore not compensable. (Doc. 21, 9:1-11.)

Plaintiff concedes that the 1.0 hour spent preparing a billing sheet is not compensable. As it pertains to the time spent drafting the petition, Plaintiff asserts that his counsel does not get a bonus for expertise except where there exists a "dearth of qualified lawyers," and the Commissioner is not entitled to a discount for time reasonably expended simply because the time spent proved longer than that of the seasoned Social Security practitioner. (Doc. 22, 10:15-22.)

Here, Mr. Patel spent 2.5 hours preparing the EAJA petition, 1.0 hour preparing a letter to the Commissioner's counsel, and 0.5 hours in settlement discussions regarding the EAJA fee

request. (Doc. 20.) Given the Court's review of the petition, this amount of time does not appear unreasonable. Accordingly, only 1.0 hour of time will be reduced as non-compensable clerical work, as conceded by Plaintiff, and Plaintiff shall be awarded 4.0 hours for work related to the EAJA fee request.

### d. Fees For Work on the EAJA Reply Brief

Plaintiff seeks fees for 4.5 hours of time expended reviewing the Commissioner's opposition to Plaintiff's EAJA petition and preparing the reply brief. (Doc. 22, 14:2-7). In her opposition, the Commissioner notes that any time spent preparing a reply brief must be reasonable; the Commissioner argues that awarding fees for a lengthy and unreasonable EAJA reply brief would simply reward Plaintiff's counsel for increasing the total hours and fees in this case. (Doc. 21, 10:15-21.) The Commissioner did not request to file a sur-reply after Plaintiff submitted a supplemental EAJA fee request along with his reply brief.

Four and one half (4.5) hours of time spent reviewing the Commissioner's brief opposing Plaintiff's EAJA petition and drafting the reply brief is reasonable. The Commissioner presented several issues in opposing Plaintiff's fee request, including not only whether the Commissioner was substantially justified, but also issues related to the reasonableness of the fees requested, to which Plaintiff responded. The Court finds no reason to reduce the time expended by Plaintiff's counsel in reviewing the Commissioner's opposition and drafting a reply brief.

### 2. Time Expended by the Paralegal

The Commissioner contends that Plaintiff's counsel's paralegal spent time engaged in clerical tasks that are not compensable under the EAJA. (Doc. 21, 9:13-10:9.) Specifically, the Commissioner argues that the 2.95 hours billed by the paralegal for form document preparation, such as service of process or consent forms, recording receipt of documents, downloading documents, calendaring, preparing an itemized billing sheet, and document emailing and e-filing constitutes clerical or secretarial work and should not be awarded as these activities should be considered overhead costs.

Plaintiff argues that work performed by a paralegal is compensable under the EAJA, and the specific activities billed by the paralegal in this matter are not clerical work. Specifically,

11

Plaintiff asserts that the paralegal's work in filing the form consenting to the jurisdiction of the Magistrate Judge was not a clerical function. Plaintiff also contends that downloading and e-filing documents are not clerical functions, but tasks that have been delegated by the attorney who is assigned the e-filing account, i.e., Plaintiff's counsel.

"[P]urely clerical work or secretarial tasks should not be billed at a paralegal or lawyer's rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). For example, the time spent to e-file documents is routinely found to be clerical work that is non-compensable under the EAJA. *Jones v. Metropolitan Life Ins. Co.*, 845 F. Supp. 2d 1016, 1027 (N.D. Cal. Feb 24, 2012) (disallowing as clerical work time billed for filing or retrieving electronic documents); *United States v. One 2008 Toyota Rav 4 Sports Utility Vehicle*, No. 2:09-cv-05672-SVW-PJW, 2012 WL 5272281, at *12 (C.D. Cal. Oct. 18, 2012) (disallowing as clerical work time spent e-filing documents with the court).

The Court finds that the following tasks are either clerical in nature or the billing description is insufficient to determine whether they are clerical tasks or otherwise reasonable:

| Date | Time Spent | Description |
| --- | --- | --- |
| Sept. 28, 2011 | 0.1 | Receipt and download of case management order |
| Sept. 28, 2011 | 0.1 | File complaint, summons, and civil cover sheet |
| Sept. 28, 2011 | 0.2 | File certification of interested parties |
| Sept. 28, 2011 | 0.2 | File civil cover sheet |
| Oct. 13, 2011 | 0.2 | File POS of summons and complaint ED |
| Oct. 20, 2011 | 0.1 | Preparation and filing of ED Magistrate consent form |
| **Total** | **0.9** | |

Downloading and submitting documents to the Court is a clerical task. Similarly, filing documents is a clerical task, regardless of whether counsel has delegated the authority to his paralegal to access his CM/ECF account and electronically sign and submit documents. Ostensibly, counsel has already undertaken the substantive review of those documents and has

directed that they be signed and filed. Completing the form to consent to Magistrate Judge Jurisdiction is clerical where counsel has conferred with his client and directed how the form is to be completed, even to the extent the completion of that form has been delegated to a paralegal. Thus, 0.9 hours of the time requested for work of a paralegal shall be deducted for a total of 2.05 hours of compensable time.[5]

### 3. Hourly Rate Requested

Plaintiff requests $180.59 for attorney time expended in 2011 and $183.73[6] per hour for attorney work performed in 2012, which are equal to or less than the applicable statutory maximum hourly rate under EAJA, adjusted for increases in the cost of living, as published by the Ninth Circuit on its website pursuant to 28 U.S.C. § 2412(d)(2)(A), *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6. Plaintiff also seeks $122.99 per hour for work performed by the paralegal and $150 per hour for work performed by a non-attorney law clerk. The Commissioner does not oppose the hourly rates requested, and the Court finds the rates are reasonable.

### 4. Conclusion

For the reasons set forth above, the Court finds that a reduction of 0.9 hours of work performed by a paralegal is warranted. The Court also reduces 1.7 hours of work performed by Mr. Patel in a law-clerk capacity, to account for the simplicity of the issue presented to the Court, and 1.0 hour of work Mr. Patel performed as an attorney preparing a billing sheet in support of the EAJA petition. The remainder of Plaintiff's fee request is reasonable and shall be awarded, including an additional 4.5 hours of time Plaintiff's counsel expended preparing an EAJA reply brief.

///

///

///

---

[5] The Commissioner correctly notes that the time billed totals 3.15, but the EAJA petition requests only 2.95 hours. The Court will use the total requested in the petition, which is 2.95 hours.

[6] The 2012 hourly rate published by the Ninth Circuit is $184.32.

Accordingly, Plaintiff's petition for EAJA fees is granted as follows:

| Attorney | Time Expended | Rate | Total |
|---|---|---|---|
| Lawrence D. Rohlfing | .6 (2011) | $180.59 | $ 108.35 |
| Lawrence D. Rohlfing | 3.5 (2012) | $183.73 | $ 643.05 |
| Vijay Patel | 11 (7.5-1.0 + 4.5) | $183.73 | $2,021.03 |

| Paralegal | Time Expended | Rate | Total |
|---|---|---|---|
| Enedina Perez | 2.05 (2.95 – 0.9) | $122.99 | $ 252.13 |

| Law Clerk | Time Expended | Rate | Total |
|---|---|---|---|
| Vijay Patel | 15.3 (17-1.7) | $150.00 | $2,295.00 |
|  |  | **Total:** | $5,319.56 |

## C.     The Proper Payee Under the EAJA

The Commissioner contends that any award under the EAJA must be made payable to Plaintiff, rather than Plaintiff's counsel. Plaintiff contends that, if he does not owe a government debt and has validly contracted his rights to payment to his counsel, the contractual assignment should be honored and payment should be made to his counsel. (Doc. 22, 12:20-13:24.)

The U.S. Supreme Court has held that a Section 2412(d) fee award is payable to the litigant. *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 2522 (2010). In *Ratliff*, the plaintiff's counsel successfully obtained Social Security benefits for the plaintiff in a civil action against the United States. *Id.* The district court granted the plaintiff's unopposed motion for EAJA fees, but before paying the fee award, the government discovered that the plaintiff owed the United States a debt that predated the award. The government sought an offset of the amount the plaintiff owed, and the plaintiff's counsel intervened, asserting that the fees awarded belonged to the plaintiff's counsel, not the plaintiff, and the fee award was thus not subject to an offset for the plaintiff's federal debts. The Supreme Court rejected this argument reasoning that "Congress knows how to

14

make fee awards payable directly to attorneys where it desires to do so," and because the fee was payable to a "prevailing party," Congress intended the fee to go to the litigant, not the litigant's attorney. *Id.* at 2527-29.

Pursuant to *Ratliff*, the plaintiff is normally awarded the fees, subject to any offset for applicable government debts. The Supreme Court noted, however, that although the government had a history of paying EAJA awards directly to attorneys in certain cases, it had discontinued that practice making direct payment to attorneys "only in cases where 'the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney.'" *Id.* at 2529.

Following *Ratliff*, courts in this circuit have ordered payment of EAJA fees directly to the plaintiff's counsel pursuant to the plaintiff's assignment of EAJA fees in a fee agreement, provided that the plaintiff has no debt that requires offset. *See, e.g., Blackwell v. Astrue*, No. CIV 08-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); *Dorrell v. Astrue*, No. CIV 09-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); *Calderon v. Astrue*, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); *Castaneda v. Astrue*, No. EDCV 09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010).

Other courts have refused to award EAJA fees directly payable to the plaintiff's counsel, noting, however, that the government could, after subtracting any offset, waive the requirements of the Assignment of Claims Act ("Act") and make payment directly to the plaintiff's counsel. *See Matthews v. Astrue*, No. CIV 11-290-TUC-LAB, 2013 WL 500955, at * 1 (D. Ariz. Feb. 11, 2013); *see also Smith v. Astrue*, No. C-10-4814 PJH, 2012 WL 3114595, at * 6 (N.D. Cal. July 31, 2012) ("Based on *Ratliff* and the Supreme Court's interpretation of EAJA, Smith is considered the prevailing party in the action before this court. Accordingly, Smith is entitled to direct payment of the EAJA award and not Sackett.")

In *United States v. $186,416.00 in U.S. Currency*, __ F.3d __, No. 07-56549, slip. op., 2013 WL 3722076, at *2-3 (9th Cir. July 17, 2013), the court held that the fee award pursuant to 28 U.S.C. § 2465(b)(1)(A) was properly paid to the attorney, rather than to the client, who prevailed in the underlying civil forfeiture proceeding where there was a proper assignment from the client to the attorney of the fee award. However, the government had neither raised the issue

of the Anti-Assignment Act, nor asserted an offset claim. *Id.* at * 3 & n. 1 ("The government has waived any argument that the UMCC's assignment of the award to Gabbert was invalid under the Anti-Assignment Act, 31 U.S.C. § 3727. The government only mentions the Act in its reply brief and even then does not explain its application to this case [citations omitted].")

Similarly in this case, Plaintiff has assigned the right to receive the EAJA fees to his attorney. (Doc. 20-3, p.1 ¶4.) The Commissioner does not assert that any offset applies, and does not discuss the application of the Anti-Assignment Act. Under these circumstances, the Court concludes that the EAJA fee award shall be made payable to Plaintiff's counsel, subject to an offset for any federal debt owed by Plaintiff. *See $186,416.00 in U.S. Currency*, __ F.3d __, No. 07-56549, slip. op., 2013 WL 3722076, at *2-3.

### IV.  CONCLUSION AND ORDER

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's petition for attorney's fees and expenses under the EAJA is GRANTED in the amount of $5,319.56, subject to an offset for any federal debt owed by Plaintiff;
2. The fee award shall be made payable to Plaintiff's counsel; and
3. Plaintiff is awarded costs pursuant to 28 U.S.C. § 1920 in the amount of $60.

IT IS SO ORDERED.

Dated:   **October 24, 2013**                    **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE